## 7651

## TALBERT v. HAMLIN.

1. ACCOUNTING.—In absence of motion by plaintiff to make statement of account by defendant in his answer to an action for accounting more definite and certain or to require him to file bill of particulars, he cannot complain that the master did not require defendant to file an itemized account so that he might scrutinize, surcharge or falsify it.

2. IBID.—PLEADING—ADMISSIONS.—A defendant in an action for accounting is not bound by the aggregate amount stated in his answer to have been received by him.

3. IBID.—EXCEPTION to the report of the master of an account between parties should state the item of debit or credit to which objection is made.

4. FINDINGS OF FACT.—The remark of the Court that a review of the testimony according to his view of the case would be utterly unnecessary, *held* to mean the Court deemed it unnecessary to go over the evidence and discuss it in detail.

5. PARTNERSHIP.—In absence of a contract to that effect one partner is not entitled to salary for his services in the partnership business. Here it is held the proof relied on is not sufficient to establish such contract.

Before C. C. FEATHERSTONE, Special J., Abbeville, April, 1909. Modified.

Action by H. Q. Talbert against A. B. Hamlin. From judgment for defendant, plaintiff appeals.

*Messrs. Greir & Park,* for appellant, cite: *Liability of defendant to account is a preliminary question:* 30 Cyc., 738; 1 Cyc., 444. *Defendant should be required to file account:* 19 S. C., 560; 2 Strob. Eq., 31; 7 Rich. Eq., 377.

*Mr. Wm. N. Graydon,* contra, cites: *Presumption is in favor of concurrent finding by master and Court:* 83 S. C., 190; 55 S. C., 198; 56 S. C., 168; 70 S. C., 552; 57 S. C., 405.

August 6, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. In December, 1905, plaintiff and defendant entered into a partnership in the business of carrying on a feed and sales stable. The defendant had practically the entire management of the business. He kept no regular set of books. The only record of the transactions of the firm was kept on memorandum books which he carried in his pocket, and which were kept in an irregular and confusing manner. The business proving unprofitable, this action was brought, in the fall of 1908, for an accounting and settlement of the affairs of the partnership. The defendant, by his answer, admitted his liability to account, and expressed his readiness to do so, alleging that, on such accounting, it would be found that plaintiff was indebted to him. He attached to his answer, as exhibits, certain statements, showing the amounts which he alleged that he had received and paid out in the conduct of the business, and moneys advanced by him for the use of the firm. Some of the entries were not itemized; for instance, on the debt sheet is, "Cash received from sale of stock and all other sources, $14,683," and on the credit sheet is, "For feed and labor at stables, $4,965," both being the aggregate of many smaller items. According to these statements, his total receipts were $21,010, and his total disbursements $23,845, the difference being the amount which he claimed the firm owned him.

The case was referred to the master to take the testimony, state the account, and report his conclusions of law and fact. The master reported that the firm was indebted to the defendant in the sum of $2,235.65, and that plaintiff was liable for half that amount, and recommended that defendant have judgment therefor. His report was confirmed by the Circuit Court in a short decree, in which the Court says: "The testimony in the case is very voluminous, consisting of testimony taken by the master and reduced to writing by him,

and of many books and papers. To review the testimony in full would require a tremendous amount of labor, and, according to the view I take of the case, would be entirely unnecessary. The master has made a full, able and satisfactory report, which shows that he has gone into the matter very thoroughly. I am satisfied that his mode of accounting is correct, and I am not prepared to say that his findings of fact are incorrect."

The appellant complains that the master erred in not requiring the defendant to file an account, showing item by item the cash received and paid out by him, so that the plaintiff might scrutinize, surcharge and falsify the account. It does not appear that the master was ever requested by the plaintiff to require that such an account be filed. Nor does it appear that any objection was made by the plaintiff to the form or manner of the statement of the accounts attached by the defendant, as exhibits, to his answer. No demand was made for a bill of particulars. No motion was made to make the statements more definite and certain. Nor does it appear that, after the evidence of defendant as to the accounting had all been taken, the plaintiff asked for time to examine it and introduce evidence surcharging or falsifying the account.

The next allegation of error is as to the finding that the total receipts of the defendant were only $17,824, when he had admitted in the statement of the account filed as an ezhibit to his answer, which was sworn to, that he had received $21,010. Appellant contends that the Court should have held this admission conclusive against respondent. While it is true, as a general rule, that an admission in a pleading is taken as conclusive of the fact admitted, and, so long as it remains in the pleading, evidence to the contrary will be excluded; still even such an admission, though made under oath, may be withdrawn by leave of the Court. *Hall* v. *Woodward,* 30 S. C., 564. But this is not that kind of admission. The difference between the

amount found by the master and the amount stated by the defendant may have arisen from a difference in the method of stating the account; for instance, the defendant may have charged himself with the whole amount received and the whole amount paid out in certain transactions, and the master may have debited or credited only the difference between the two amounts. Or, the difference may have arisen from a mistake in the defendant's addition, or a mistake in some other respect. In either event, he should not be concluded by his statement of the aggregate amount received. We are not informed how the difference arose. But the master did just what the order of reference required him to do—to make up and report a statement of the account from the testimony.

Many of the exceptions to the report of the master and the Circuit decree assign error in the accounting without specifying the particular item or items debited or credited to which objection is made, so that, to determine whether there was error in respect to the matters complained of, a detailed examination of the whole account would be necessary. The purpose of referring matters of account to the master is to save the Court the time and labor that would be necessary to do the work of an accountant. When the account has been stated, according to correct methods, the exceptions must specify the item or items of debit or credit to which objection is made. The Court will not, in response to a general exception alleging error in an account, enter upon a detailed examination of the whole account. *Myers* v. *Myers,* Bail. Eq., 23.

4    In this connection, we will next consider the exception that the Circuit Court erred in not reviewing the testimony. We think the appellant has misapprehended the language of the circuit decree. When the Court said: "To review the testimony in full would require a tremendous amount of labor, and, according to the view which I take of the case, would be entirely unnecessary," it was not meant

that the Court had not fully reviewed the testimony in the sense of weighing and giving it due consideration, but merely that it was unnecessary to review it in the sense of going over it and discussing it in detail in the decree.

We think the Court erred in allowing the defendant credit for his services to the firm. It is the legal duty of each member of a partnership to devote his time, skill and energy to the business of the firm; and, in the absence of any agreement therefore he is not entitled to extra compensation. The presumption is that his share of the profits is all that each expect to get for his efforts, and that notwithstanding one may devote his whole time and attention to the business and the other may do little or nothing. The plaintiff swears positively that there was no agreement to pay the defendant anything for his services. The only testimony tending to show such an agreement is that of the defendant and his son, neither of whom say, in so many words, that there was an agreement that the defendant should have extra compensation for his services. All that defendant said on that subject was: "His (plaintiff's) proposition was to pay me one-half of rent of stables, one-half of insurance, and one-half of wages." His son, who was employed by the firm, testified: "Mr. Talbert said he wanted to be halfers with my father, and said he would pay half of the rent, the insurance, and half of the wages." Whose wages? Defendant's son and other assistants were employed and paid wages, and we think it was the wages of these assistants that were referred to. The defendant's son testified that the agreement was that he was to be paid $40 per month for his services and for boarding his father. Neither of them say how much defendant was to be paid. It is not reasonable to conclude that they would have agreed upon the wages without some agreement as to the amount. The testimony shows also that defendant was in a similar partnership the two years before with another person, and did not get any extra compensation for his services to that

firm, although he had, as in this case, the sole management of the business. Moreover, there is no proof whatever as to what the defendant's services to the firm were reasonably worth, and the finding that they were worth $60 per month is unsupported by any testimony. The preponderance of the evidence is against the finding of the Court below upon this point, and the accounting must be corrected by striking out that credit. The rent of the stables, though they were owned by one of the partners, was a legitimate expense of the business and would have been allowed the defendant without any specific agreement, but the preponderance of the evidence shows that there was an agreement to pay a reasonable rent.

Judgment modified.

MR. JUSTICE GARY. *I cannot concur in the modification, as I think the decree should be affirmed.*