## 7968

## PENNINGTON v. PENNINGTON.

1. SPECIFIC PERFORMANCE—STATUTE OF FRAUDS.—Where one is put in possession of a tract of land under a parol contract of purchase and makes valuable improvements thereon under the contract, the case is taken out of the statute of frauds.

2. SPECIFIC PERFORMANCE—ACCOUNTING.—There is nothing in the record in this action for specific performance to sustain the finding that the parties regarded their mutual indebtedness in the light of a stand-off and case remanded to take an accounting.

Before ALDRICH, J., Aiken, December, 1909. Reversed.

Action by Allie Pennington *et al.* against J. A. Pennington. Defendant appeals.

*Messrs. Davis, Gunter & Gyles,* for appellant, cite: *Plaintiff must show valid contract:* 59 Fed. R. 942; 26 Ency. 21; 35 Fed. R. 635; 32 S. C. 528; 29 S. C. 598; 1 DeS. 116; 13 Rich. Eq. 250; 7 Rich. Eq. 378; 27 S. C. 362; 39 S. C. 367; 77 S. C. 516; 6 S. C. 102; 64 S. C. 178. *Acts must have been performed in pursuance of the contract:* 26 Ency. 23, 59; 27 S. C. 348, 621; 63 S. C. 551; 48 S. C. 496.

*Mr. J. B. Salley,* contra, cites: *Equity will enforce such a contract:* 56 S. C. 259; 59 S. C. 395; 76 S. C. 170; 85 S. C. 185; 77 S. C. 511. *Law presumes reasonable time for paying for place:* 26 Ency. 77; 77 S. C. 513; 53 S. C. 568. *All the testimony considered together shows purchase money paid in full:* 87 S. C. 40; 86 S. C. 304, 159.

July 11, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action was brought by plaintiffs, as heirs at law of A. M. Pennington, to compel the specific performance of a parol contract between their intestate and the defendant for the conveyance of land. It was referred to the master to take and report the testimony to the

Court.    He was not required to and did not report his find-
ings and conclusions, which should have been done in a case
like this, where the issues involved the statement of accounts
between the parties.

The Circuit Court found that the contract was made, as
alleged, and that plaintiff's intestate had been put in
possession of the land, and had made valuable
improvements thereon, under the contract, which
took the case out of the statute of frauds.

The evidence was such that it could not have been satis-
factorily determined whether the purchase money for the
land had been fully paid, without a statement of the accounts
between the parties.    There was evidence tending to
show that some payments were made on the contract
by A. M. Pennington, during his lifetime.    As
to some of them, the evidence was not only vague and indefi-
nite, but conflicting.    After his death, his widow and chil-
dren, the plaintiffs herein, remained upon the land, and the
crops of cotton raised by them, including that of the year
1903, but not that of 1907, were turned over to the defend-
ant, who furnished the necessaries for the support of the
family and making the crops.

The Circuit Judge made no attempt to state the accounts,
but said, at the foot of his decree: "I have made no attempt
to state the accounts between the parties.  They have been
so irregularly kept; and, in some instances, not kept at all,
and the evidence is so vague and uncertain, that I could reach
no satisfactory solution of them.    The parties themselves
for a considerable time seemed to regard the mutual indebt-
edness in the light of a stand off, and I think equity will be
done by leaving them in that condition."    There is nothing
in the record to sustain the finding that the parties regarded
their mutual indebtedness in the light of a stand off.    The
only thing that appears as to that, is that they did not have a
settlement; but the plaintiff, Allie Pennington, testified that
she asked defendant several times how much she still owed

him, which would seem to indicate that she thought there might be something due him.   The burden was upon plaintiffs to prove payment of the purchase money in full, before they could ask that defendant be required to convey.   When they proved that the crops of the several years mentioned had been turned over to defendant, the burden was then upon him to discharge himself, according to the rules of evidence, for the value thereof.

This Court is satisfied with and affirms the findings and conclusions of the Circuit Court, except in the particulars herein indicated.   But this Court will not undertake to state the accounts.   The correct procedure in such matters is stated in *Talbert* v. *Hamlin,* 86 S. C. 526, 68 S. E. 764, where the Court said: "Many of the exceptions to the report of the master and the Circuit decree assign error in the accounting without specifying the particular item or items debited or credited to which objection is made, so that, to determine whether there was error in respect to the matters complained of, a detailed examination of the whole account would be necessary.   The purpose of referring matters of account to the master is to save the Court the time and labor that would be necessary to do the work of an accountant. When the account has been stated, according to correct methods, the exceptions must specify the item or items of debit or credit to which objection is made.   The Court will not, in response to a general exception, alleging error in an account, enter upon a detailed examination of the whole account."

The judgment of the Circuit Court is reversed, and the case remanded for such further proceedings as may be necessary to carry out the views herein expressed.

Reversed.