## 9693

### CONNER v. GRAND LODGE OF PYTHIAS OF SOUTH CAROLINA *ET AL.*

(92 S. E. 1032.)

INSURANCE—ACTION ON POLICY—EVIDENCE.—In an action on a life policy, where plaintiff alleged that she was the legal wife of the insured, and defendant alleged that insured was "living with another woman as his wife," it cannot, after admitting that plaintiff was insured's legal wife, introduce evidence that she was merely his concubine.

Before WILSON, J., Abbeville, Fall term, 1916. Affirmed.

Action by Bettie Conner against the Grand Lodge of Pythias of South Carolina and another. Judgment for plaintiff, and defendants appeal.

*Mr. Jacob Moorer,* for appellants.
*Mr. Wm. N. Graydon,* for respondent.

June 21, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The Court directed a verdict for the plaintiff, and the defendant has appealed.

There are six exceptions, but there is really but one issue of law to be decided. The defendant's real alleged defense is that Henry had a living wife named Harriett when he married Bettie, and when he secured the policy, and when he died; and that such fact vitiated the policy. But the plaintiff alleged she "is the legal wife of Henry," and the defendant admitted that allegation.

The Court ruled that the defendant might prove so much of the answer as alleged that Henry violated the rule against concubinage by living with another woman as his wife while his legal wife was living; but that the defendant could not prove, against the aforesaid admission, that Bettie was the "another woman." The appellant suggests that the allegation of the complaint that Bettie "is the legal wife of Henry" is the statement of a legal conclusion, and not the statement of a fact; and that, therefore, the defendant was not shut up to the admission. That may be technically true, but the plaintiff's counsel was reasonably excusable to believe that his client's lawful relationship to Henry was admitted. If the defendant's real defense was that Henry was living in concubinage with Bettie, the fact ought to have been plainly alleged, and the woman identified by name. Instead of that, the second defense of the answer alleged that Henry was "living with another woman as his wife." If that meant anything, it meant another woman than the plaintiff, Bettie, so that the plaintiff was twice reasonably misled by the answer.

It is true the defendant asked to amend the answer, but the Court for reasons satisfactory to itself denied the motion. Appellant's counsel stated at the bar in the oral argument that he did not rely on that exception, so we shall not consider it.

The judgment below is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not participate in the consideration of this case.