[File No. 7212]

FRANK W. GALLAGHER, Jr., Richard C. Gallagher, and Warren A. Gallagher, Co-partners, Doing Business under the Firm Name and Style of Jamestown Plumbing and Heating Company, Plaintiffs and Respondents, v. CHRIST HAFFNER and Fred Haffner, Defendants and Appellants.

(44 NW2d 491)

Opinion filed September 28, 1950

*Coffey & Mackenzie,* for appellant.

*Rittgers & Hjellum* and *Herman Weiss,* for respondents.

GRIMSON, J. The plaintiffs bring this action upon a promissory note and for the foreclosure of a conditional sales contract which they claim as security for the note. The defendants in their joint answer admit the note and the execution of the conditional sales contract but claim payment. The case was tried to the court. The District Court found for the plaintiffs for the sum of $1904.20 as due upon the promissory note but found the conditional sales contract "void for any purpose." No appeal is taken by plaintiffs from that holding but defendants appeal and ask for a trial de novo.

The evidence in this case shows that sometime in May 1947 an oral agreement was entered into between the plaintiffs and defendants whereby the plaintiffs were to furnish and install materials for a plumbing and heating system in a large, old house which the defendants had bought and moved onto new premises in the City of Jamestown. Some estimates of the cost were made but no written agreement entered into although the defendants claim they asked for such agreement. The materials were furnished and the system installed according to agreement during the summer, fall and winter of 1947. Payments were made on the work as it progressed. Duplicate sales and credit slips were mailed to the defendants and at the end of each month statements, showing just what defendants owed, were sent to them. Defendants admit receiving such slips and statements. Then on Feb. 16, 1948, the promissory note, on which this action was brought, was executed by the defendants to the plaintiffs in

the sum of $2233.00. The plaintiffs claim that to have been the balance due at that time. The defendants avoided a direct answer as to that. At the same time plaintiffs asked for and defendants signed the conditional sales contract in the sum of $2350.56 covering the materials and labor furnished with interest. Plaintiffs claim they wanted this for security. Defendants admit plaintiffs told them that but now claim that they thought that this conditional sales contract was the contract they had asked for and represented the whole price of the plumbing and heating job. The installation was not completed at the time the note and contract were signed but was continued on an open account. Further payments were made. Of the sums so paid, after paying the account, the sum of $509.47 was credited upon the note, leaving a balance of $1723.53 for which this action is brought.

For their specifications of error defendants claim that evidence inadmissible under the pleadings was received over objections changing "the character of the action from contract to a quantum meruit without changing or in any manner altering the pleadings." They claim that the complaint alleged a complete job of furnishing and installing a plumbing and heating system in the old house of the defendants for the sum of $2233.00 and that the plaintiffs had no right to introduce evidence to contradict that. They claim the court erred in not dismissing the action on the ground of full payment in accordance with the allegations of the complaint and answer.

The sole issue on this appeal is whether the evidence showing the whole plumbing and heating account in the sum of $4306.93 and that the note was for a balance thereof was admissible under the pleadings. Consequently, a construction of the pleadings is necessary.

The first paragraph of the complaint alleges the partnership of the plaintiffs. The second paragraph alleges the note dated Feb. 16, 1948 for $2233.00, payable not later than March 3, 1949, together with interest at 7%. The third paragraph states: "That thereafter commencing on March 25, 1948, the plaintiffs continued to sell and deliver to defendants, wares and merchan-

dise used in the improvement of the building . . . on open account" and setting out the debits and credits of that account resulting in a credit of $509.47 which plaintiffs applied on the note leaving an unpaid balance of $1723.53. The fourth paragraph alleges that "On May 21, 1947, plaintiffs entered into an oral contract with defendants whereby plaintiffs agreed to install in a residence owned by defendants . . . a boiler, oil burner, piping, radiators, laundry tubs, toilet, lavatories, showers, kitchen sinks, cabinets, sewer and water lines, and all necessary piping and fittings for a complete job, and thereupon proceeded to carry out the terms of their agreement by furnishing and installing said materials, equipment and fixtures in said premises. That on Feb. 16, 1948, the value of the materials furnished and the work and labor of installing the same amounted to the sum of Two Thousand, Two Hundred and Thirty-three ($2233.00) Dollars, and the said promissory note described herein was at that time given to plaintiffs by defendants in consideration of said materials and installations. That the said work was incomplete and plaintiffs continued to furnish materials and do work in completing the same as hereinbefore stated in Paragraph III hereof, and at the time of making, executing and delivering said promissory note, the defendants for the purpose of securing the payment of said note, made, executed and delivered to the plaintiffs a certain instrument designated conditional sales contract, a true and correct copy of which is marked Exhibit A hereunto attached and made a part of this complaint." The paragraph then goes on to state that the original duplicate copy of said conditional sales contract was filed in the office of the Register of Deeds as a lien and mortgage upon the premises described. The prayer of the complaint is for $1723.53, together with interest and costs and for the foreclosure of the lien of said conditional sales contract.

The conditional sales contract, Exhibit A, attached to the complaint states that the defendant, Christian Haffner, purchased from the plaintiffs property described in the complaint "and all necessary piping and fittings for a complete job (no boiler was in place on job when this contract was originally set

up) for a total price of $2350.56" and then goes on to state the terms of payment, reservation of title and other conditions found in the ordinary printed form of a conditional sales contract. The excess over $2233.00 was explained as interest.

The answer is a general denial but admits Paragraphs I and II of the complaint and the oral agreement, "to furnish and install in the home of the defendants certain equipment, materials and fixtures specified in Paragraph IV of the complaint . . . ." The defendants admit that they executed the conditional sales contract identified as Exhibit A. They deny that the same was given as security and allege that such note and conditional sales contract were based upon the consideration therein stated "and that the same are paid in full."

Our Code provides that "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties." Sec 28-0741 NDRC 1943. And further that: "The court in every stage of the action shall disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party and no judgment shall be reversed or affected by reason of such error or defect." Sec 28-0742 NDRC 1943. No variance between the allegations in a pleading and the proof shall be deemed material unless it actually has misled the adverse party to his prejudice in maintaining his action or defense upon the merits. The fact that a party has been misled shall be proved to the satisfaction of the court and thereupon the court may order the pleading to be amended. Sec 28-0743 NDRC 1943. When a variance is not material the court may direct the fact to be found according to the evidence. Sec 28-0744 NDRC 1943.

At the beginning of the trial the note, Exhibit 1, and the conditional sales contract, Exhibit 2, were received in evidence by stipulation. The plaintiffs then offered Exhibit 4 which is a package of 95 duplicate original sales and credit slips containing a full account of the plumbing and heating job performed for the defendants under the agreement alleged in Paragraph IV of the complaint and admitted in Paragraph III of the answer.

A preliminary objection by the defendants that a sufficient foundation had not been laid was correctly overruled. A further objection was made "that it isn't within the pleadings within this case" and that "It specifically states by the pleadings that the consideration for the note and for the sales contract are identical, and that the amount of same is for a completed job, and for a price of $2350.56 and any variation from that is absolutely immaterial in this case. The contract between the parties was for a definite agreement. The plaintiffs have alleged and set forth this sales contract as a part of their complaint, and we admit it, . . . Now, they are going to come in here and try to set forth something that isn't in issue and hasn't been brought by any pleading, or any part of the pleadings, and not before the court properly." This objection was repeated in substance several times.

This Exhibit 4 showed an account amounting to $4306.93. That included the materials furnished, the work done and the payments made after the execution of the note. This Exhibit 4 explained the $509.47 credit on the note referred to in the complaint and was admissible for that purpose. Furthermore, it was admissible in rebuttal of defendant's attempt to prove payment of the note and no objection was made on the ground that it was offered out of order. The admission in evidence of this Exhibit 4 did not in any way change the cause of action which was still upon the note and the amount due thereon. It was still upon contract and not upon quantum meruit.

The defendants, however, claim that the language of the complaint heretofore quoted constituted a judicial admission by the plaintiffs that the whole contract for the plumbing and heating job was to be performed for the amount of the note, $2233.00 and that they cannot now offer any evidence in contradiction or variance thereof and that therefore, Exhibit 4 was not admissible.

A close analysis of the complaint discloses that this claim of the defendants is not warranted. Paragraph III states that after the date of the note plaintiffs "continued" with the job "on open book account" and sets forth such account. Paragraph IV,

after stating the oral contract of May 21, 1947, while stating: "That on Feb. 16, 1948, the full value of the materials furnished and the work and labor of installing the same amounted to the sum of $2233.00" qualified that statement by saying: "that such work was incomplete and plaintiffs continued to furnish material and do work in completing the same as hereinbefore stated in Paragraph III hereof." Even the contract, Exhibit A, showed an uncertainty on that matter where it states: "No boiler was in place on the job when this contract was originally set up." When the complaint is read as a whole the inference is clear that the price of the whole installation job was more than the sum of $2233.00.

"In construing an admission in a pleading the whole thereof must be taken together. It must be taken as an entirety and with any qualifying clauses included in it. Moreover, admissions must have been construed in the light of the context of the whole pleading . . . . Averments cannot be construed as admissions where it is clearly evident they were not so intended." 1 Bancroft's Code Pleading, 635, Sec 436. See also 49 CJ 128; 31 CJS 1161, Secs 376 and 377.

The defendants, disregarding the qualifying phrases heretofore pointed out, contend that the words, "complete job" and "total price" in connection with the sum of $2233.00 in Paragraph IV of the complaint must be construed as a conclusive judicial admission that $2233.00 was the price for the whole plumbing and heating installation provided for by the admitted oral contract and that to allow any contradiction thereof in the evidence was error. That phraseology is confusing but cannot be held to be conclusive against the pleader when the rest of the complaint is construed.

Only formal judicial admissions which waive any evidence by the adverse party on such admitted matter are conclusive on the pleader. These claimed admissions do not do that. The defendants still had to plead and prove payments. At the most those phrases are but an indirect admission of a matter having some bearing on the amount of payment necessary to satisfy the con-

tract. In order to find out what the truth was it was proper to allow an explanation thereof.

Formal judicial admissions in pleadings are such admissions as make it unnecessary for the adverse party to offer any evidence on the admitted matter and are generally held conclusive although in Chamberlayne's Modern Law of Evidence, Vol 2, 1574, Sec 1240, it is stated that: "If it shall be made clearly to appear to the Judge that a particular formal judicial admission has been made imprudently and by mistake, the court may, in the exercise of its administrative powers relieve parties from the consequences of their mistake, by allowing them to withdraw the admission."

Informal judicial admissions are statements of probative facts made by a party in the course of proceedings in court. Of them it is said in Chamberlayne's Modern Law of Evidence, Vol 2, page 1626, Sec 1286: "In case of the informal judicial admission the rules of procedure attach a prima facie force. The party is, however, by no means concluded by his statement. His opponent may rest his case upon it, with confidence, in the absence of further evidence. But the litigant himself may always seek to correct his mistake so that his statements may be made to correspond with the truth of the matter. He may, accordingly, upon assuming the burden imposed by so contradictory a position, deny the truth of what he has previously stated."

"Admissions in pleadings may be overcome by evidence explaining the apparent inconsistency, such as evidence showing the pleader's . . . misunderstanding of the facts, or mistake on his part. . . ." 20 Am Jur 1050, Sec 1198.

Wigmore on Evidence, Vol 9, 3rd Ed 587, Sec 2590, says that the "trial court may in discretion relieve" a party from the conclusiveness of his judicial admission.

In Higgins v. California Prune & Apricot Grower's Inc. Circuit Court of Appeals, 2d Circuit, 282 Fed Rep 550, 556, it is said:

"Moreover, allegations made inadvertently by mistake, or in ignorance of the facts, do not operate as an estoppel, where no prejudice has resulted, and especially is this rule applicable in

a case like this, where the real fact was within the knowledge of the adverse party." See also 49 CJ 126, Sec 126.

This court in Power v. Williams, 53 ND 54, 205 NW 9, held: "When an admission is relied on as evidence and not as a matter of pleading which excuses the adversary from offering proof of the fact admitted, and there is no question of estoppel or otherwise, admissions against interest made in pleadings are not conclusive against the pleader. . . ." See also McCarty v. Kepreta, 24 ND 395, 424, 139 NW 992; 14 ALR 75 Anno Sec 5; Talbert v. Hamlin, 86 SC 523, 68 SE 764; 1 Greenleaf on Evidence, 340, Sec 206.

In the case at bar the evidence showed that the defendants received the original copies of the sales and credit slips constituting Exhibit 4 and statements at the end of each month showing exactly what they owed the plaintiffs. The language of the complaint as a whole was also notice to them that the price of $2233.00 was not the whole cost of the plumbing and heating installation. The real facts of the situation were within their knowledge. They were neither surprised nor prejudiced by the admission of Exhibit 4 in evidence. Neither are the plaintiffs estopped from offering it because there is sufficient in the complaint to put the defendants on notice.

Mr. Gallagher explained his mistake as follows:

"Q.—Why do you write in this sales contract, 'for a completed job' and then say for a complete job, $2350.56? Can you explain to the Court why you do that?

A.—Yes, Sir, that was a mistake on my part. I can't say why it was done. We are usually very careful with that, but in this particular case, I was writing this contract only to cover the balance that he owed us. Where I made my mistake was I should have the full amount of $4300.00 or $4400.00 at that time and all the credits, and put the balance of the amount due.

Q.—And when you say a total price of $2350.56, you only refer to part of it?

A.—Only to the balance due, sir.

Q.—You say a total price of $2350.00?

A.—That is still the balance that is due us."

Redirect Examination.

"Q.—In other words, you used one of these printed forms, didn't you, Frank?

A.—Yes.

Q.—And this is once you made a mistake of not consulting your lawyer, isn't it?

A.—That is right."

There was no error in the admission of Exhibit 4.

After the close of the trial plaintiffs moved to amend their complaint to make it more definite on this matter raised by the defendants. The District Court denied that motion on the ground that: "there is no legal variance between the allegations of the complaint and the proof . . . The complaint is to be construed liberally not against but in favor of the pleader . . . The defendants are not misled or prejudiced by the original complaint and well know what is the plaintiffs' claim and demand. The court will hold that the original complaint is sufficient, especially in view of the answer that the only defense is one affirmative defense of payment." That was an interpretation of the complaint in accord with substantial justice and permitted by the statute.

The District Court then found the facts according to the evidence as permitted by Sec. 28–0744, supra, and ordered judgment accordingly.

The judgment of the District Court is affirmed.

NUESSLE, C. J., CHRISTIANSON, MORRIS and BURKE, JJ., concur.