16790

TRUESDALE v. JONES, MAYOR, *ET AL.*

(78 S. E. (2d) 274)

238

*Messrs. Hemphill & Hemphill,* of Chester, *for Appellant,*

*Messrs. Arthur L. Jones,* of Kershaw, and *John K. de Loach,* of Camden, *for Respondents,*

October 29, 1953.

OXNER, Justice.

This action was brought for the purpose of having declared invalid the annexation of certain territory to the Town of Kershaw. There was a general order of reference. After taking considerable testimony, the Referee, in a clear and well-reasoned report, found that there had been a substantial compliance with the statutes relating to annexation and recommended that the action be dismissed. This appeal is from an order of the Circuit Court confirming this report and upholding the validity of the annexation.

A petition was filed by certain freeholders in the area proposed to be annexed, the boundaries of which were adequately described, asking that said territory be annexed to the Town of Kershaw. On July 12, 1951, the Mayor and Town Council, upon information furnished them by the Town Clerk, certified that said petition had been signed by more than two-thirds of the freeholders in the area proposed to be annexed. An election on the question of annexation was held on July 31, 1951, with the following result: In the Town of Kershaw the vote was 117 in favor of, and 10 against, annexation, and in the area proposed to be annexed, 36 voted in favor of, and 11 against, annexation. On September 22, 1951, a taxpayer owning property in the area proposed to be annexed, claiming that there had been a failure to comply with various statutory requirements, instituted this action against the Town Council of the Town of Kershaw, asking that the annexation proceedings be declared null and void and that the Town Council be enjoined from putting the annexation into effect. The grounds upon which the validity of the annexation proceedings are assailed can better be understood after a review of the governing statutes.

Section 47-11 of the 1952 Code authorizes a town to extend its corporate limits. The procedure fixed is substantially as follows: A petition must first be submitted to the council

by a majority of the freeholders of the territory proposed to be annexed, accompanied by an adequate description thereof, praying that an election be ordered upon the question. Section 47–12. If the city or town council shall find that said petition has been signed by a majority of the freeholders within the territory proposed to be annexed, it shall certify that fact to the county commissioners of elections of the county in which the territory is situated, who shall thereupon order an election to be held on the question both within the town and within the territory proposed to be annexed. Section 47–14. The county commissioners of elections are required to give at least ten days' notice of such election by either posting said notice "in three conspicuous places within the corporate limits of the municipality and also three conspicuous places within the territory proposed to be annexed," or by publication thereof in a newspaper of general circulation ten days prior to the time set for such election. Section 47–15. Such election is a special election. Section 47–16. The votes cast within the municipality and those cast within the territory proposed to be annexed must be counted separately and the results thereof declared separately. The county commissioners of elections are required to certify the result to the governing body of the municipality. "If a majority of the votes cast by the qualified electors of the municipality and of the territory proposed to be annexed, each aggregated separately, shall each be in favor of the annexation or if neither gives a majority against the annexation, then the council shall publish the result of such election and declare the annexed territory a part of the city or town." Section 47–17. The town is required to file a notice with the Secretary of State of its new boundaries. Section 47–18.

The first question raised is that the petition for annexation was not signed by a majority of the freeholders in the territory proposed to be annexed. It appears that the members of the Town Council, in certifying that the petition had been signed by more than two-thirds of the freeholders,

relied largely on information given them by the Town Clerk, who testified that after making a rather extensive investigation when the petition was filed, she concluded, and so advised the Town Council, that the petition had been signed by more than two-third of the freeholders. It was asserted in the complaint that "a petition was submitted to the Council by a majority of the freeholders of the territory it was proposed to annex." At the reference, counsel for respondents objected to all testimony tending to show that the petition did not contain the names of the requisite number of freeholders, upon the ground that the fact sought to be proved was not an issue and that appellant was bound by the admission made in his complaint. While agreeing with the position taken by respondents' counsel, the Referee felt that he was required to take the testimony, although he regarded it as admissible. In his report, the Referee concluded (1) that in view of the admission made in the complaint, appellant was precluded from raising the question that the petition was not signed by the requisite number of freeholders, and (2) that under the case of *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91, since there were no charges or evidence of fraud, accident or mistake, the certificate of the Town Council was not open to question.

We think the court below properly held that appellant was judicially bound by the admission made in his complaint, which he never made any effort to withdraw, and that such admission was conclusive of the fact that a majority of the freeholders signed the petition. *Talbert v. Hamlin,* 86 S. C. 523, 68 S. E. 764; *Conner v. Grand Lodge of Pythias,* 107 S. C. 308, 92 S. E. 1032; *Marchbanks v. Duke Power Company,* 190 S. C. 336, 2 S. E. (2d) 825; 71 C. J. S., Pleading, § 59(a). We find it unnecessary to pass upon the correctness of the second conclusion of the Referee.

It is contended that there was a failure to comply with the statutory requirement as to notice of the election. One witness testified positively that on July

16, 1951, he posted six typewritten copies of the notice of election in conspicuous places in the Town of Kershaw and six in the area proposed to be annexed. Appellant offered a number of witnesses who stated that they did not see any notice, but we would not be warranted in disturbing the concurrent finding of fact by the Referee and Circuit Judge that the notices were duly posted. It is not amiss to further state that it is undisputed that there was an unofficial notice of this election published in the local paper on July 27, 1951. The testimony clearly shows that notice of the time and place of holding the election was generally known in and around the Town of Kershaw and that no one was misled.

Complaint is also made that the posted notices were not actually signed by the Commissioners of Elections, but we think typewritten signatures were sufficient. Certainly if the alternative method of giving notice by publication in a newspaper had been followed, no one would question the sufficiency of printed signatures. It is further argued that the Commissioners of Elections did not authorize the posting of these notices. The testimony shows that they directed the acting mayor of the Town of Kershaw to do what was necessary to hold the election, which would seem to include the authority to give notice of the election. But assuming that the direction to post the notices did not emanate from the proper authority, this would not render the election invalid if, in fact, the statutory notice was given. 18 Am. Jur., Elections, Section 109. In any event, there was certainly a substantial compliance with the statute as to notice and this is sufficient. *Phillips v. City of Rock Hill,* 188 S. C. 140, 198 S. E. 604, 119 A. L. R. 656; *Harrell v. City of Columbia, supra,* 216 S. C. 346, 58 S. E. (2d) 91.

The next question raised is that there was no order for the election by the County Commissioners of Elections for Lancaster County. The Town of Kershaw lies partly in Lancaster County and partly in Kershaw

County. The territory proposed to be annexed is also in both counties. The Referee found that an order to hold the election was duly issued by the County Commissioners of Kershaw County on July 14, 1951. No question is raised as to the validity of this order. The record also contains an order for this election dated July 14, 1951, signed by A. G. Ellison, Chairman of the County Commissioners of Elections for Lancaster County. This order is attacked upon the ground that it was not signed or authorized by the other two commissioners. In respect to this order, the following findings of fact by the Referee are fully sustained by the testimony: "However, from the testimony it is shown that the other two Commissioners lived a considerable distance out in the County and as I recall, one or maybe both were of rather advanced age and that they had authorized Mr. Ellison at any time to sign any papers for them in regard to any elections, etc., and in this instance, these Commissioners were called to the stand and sworn and testified that they had made Mr. Ellison their agent to act for them in any such matters. And I find and so hold that Chairman Ellison did sign the said Order as Chairman of the Commission for himself individually and for the other Commissioners."

Under the foregoing circumstances, we think the Court below correctly upheld the validity of the foregoing order.

Complaint is also made that the managers for the election were not appointed by the county commissioners of elections. There is abundant testimony sustaining the finding of fact by the Court below that the commissioners authorized the then acting mayor of the Town of Kershaw to select managers for the election. The contention is further made that this duty resting upon the commissioners could not be delegated. But we do not think this irregularity rendered the election void. There is no charge of improper conduct on the part of the managers. They acted in good faith, believing they had been properly appointed. The manner of their appointment was not ques-

tioned until this action was commenced. There is nothing to show that the commissioners ever disapproved the appointments made by the acting mayor. An election fairly conducted by such *de facto* officers is valid. *Wilson v. Cox,* 73 S. C. 398, 53 S. E. 613; *Stackhouse v. Rowland,* 86 S. C. 419, 68 S. E. 561; *Verner v. Muller,* 89 S. C. 117, 71 S. E. 654.

There is no basis for the further claim of appellant that he has not been accorded the constitutional guaranty of due process of law. Nor is there any merit in his request that, in any event, this case should be recommitted to the Referee to take further testimony on the question of whether the requisite number of freeholders signed the petition for annexation.

All exceptions are overruled and the decree of the Court below affirmed.

BAKER, C. J., and STUKES and TAYLOR, JJ., concur.

FISHBURNE, J., not participating.