22097

Orthella BALLENGER and Gerald Ballenger, Respondents, v. The CITY OF WELLFORD, Hubert Odom, as Mayor of the City of Wellford, Forest Putnam, Sally Peake, Marvin Godfrey, and Eddie Trammel, as City Councilmen for the City of Wellford, and Joseph E. Hines, Jr., L. Paul Barnes and John W. Anderson, as members of the Spartanburg County Election Commission, of whom the City of Wellford, Hubert Odom, as Mayor of the City of Wellford, Forest Putnam, Sally Peake, Marvin Godfrey, and Eddie Trammel, as City Councilmen for the City of Wellford are Appellants.

Appeal of CITY OF WELLFORD

(316 S. E. (2d) 371)

Supreme Court

*Michael E. Spears.* of *Swofford, Poliakoff & Spears,* Spartanburg, *for appellants.*

*Donald B. Wildman* and *A. Foster Chapman,* both of *Johnson, Smith & Hibbard,* Spartanburg, *for respondents.*

Submitted Feb. 21, 1984.

Decided May 8, 1984.

LEWIS, Chief Justice:

The question in this appeal is whether the failure to provide a separate ballot box within the territory proposed to be

annexed, as required by Section 5-3-70, South Carolina Code of Laws, 1976, invalidates an election held to annex an adjacent area to the City of Wellford, in Spartanburg County. The trial court held that the failure to provide the ballot box within the territory to be annexed invalidated the election, and this appeal by the City followed. We affirm.

An annexation election was held in June 1981 for the purpose of annexing to the City of Wellford an adjacent area encompassing three (3) streets, about twenty (20) houses, and approximately thirty (30) to thirty-five (35) residents over eighteen (18) years of age. The record fails to disclose how many of the adult residents were registered qualified electors and thus eligible to vote in the election. Among the requirements for conduct of such an election is the following from Code Section 5-3-70:

> ... registered qualified electors residing within the territory proposed to be annexed to the named municipality shall vote in a separate box or boxes to be provided for such purpose within the territory proposed to be annexed and in a precinct or precincts to be designated therein by the county commissioners of elections.

The foregoing section requires (1) a separate ballot box for use by voters residing within the territory to be annexed and (2) that the ballot box be located within that territory.

A separate ballot box was provided for residents of the area to be annexed but it was not located within the territory in question. Instead, it was located at the City Hall, about 1½ miles away, where the residents of the City also cast their ballots. Thus, any residents of the area to be annexed, in order to vote, had to travel approximately three (3) miles, round trip, and cast their ballots at the same voting place provided for residents of the City.

In the election, eight (8) voters participated from the area proposed for annexation, six (6) voting for annexation and two (2) against. One hundred fifty-nine (159) voted from the City, with one hundred thirty-three (133) voting for annexation and twenty-six (26) against.

We cannot determine from this record whether the failure to provide a ballot box within the territory to be annexed actually affected the result of the annexation

election. We think, however, that the potential prejudicial effect of non-compliance with the statutory requirement is so great as to bring the result of the election in doubt; and therefore requires affirmance of the judgment. *Rutland v. City of Spartanburg*, 230 S. C. 255, 95 S. E. (2d) 443.

The express mandate of the statute, that a separate ballot box be established in the annexation territory, was not complied with. There is, therefore, no basis for a holding that there was substantial compliance with the statutory requirement, as in *Truesdale v. Jones*, 224 S. C. 237, 78 S. E. (2d) 274.

The decision then turns upon the significance of the statutory requirement for a ballot box *within the territory.*

Annexation of an area to a municipality requires the separate approval of the voters within the corporate limits and those residing in the area to be annexed. The residents of each area are entitled to an election in which they have the opportunity to freely express their views. The statutory provisions are designed to bring about such result. The mandate that the voters in the area to be annexed be provided an opportunity to vote within their area assures, as nearly as possible, easy access to the ballot box and a free expression of their desires. To require that the voters travel approximately three (3) miles, round trip, in order to vote and then cast their ballots at the City voting place has the potential to chill the desired expression of the wishes of those in the area to be annexed. Certainly the legislative purpose in requiring a separate ballot box within the annexation area was thwarted in this case.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.