## 10937

### BARKSHADT v. GRESHAM

#### (112 S. E. 923)

1. NEGLIGENCE—ORDINARY CARE IN SUDDEN PERIL.—A person placed in sudden peril is required to exercise the care of a man of reasonable prudence under the same circumstances.

2. APPEAL AND ERROR—EXCLUDING ADMISSIONS OF PLAINTIFF AS TO VALUE OF HIS HORSE INJURED HELD NOT ERROR.—In an action by the owner of a horse against the owner of an automobile for injuries received by the horse in a collision, excluding admissions of plaintiff as to the value of the horse was not prejudicial error.

Before ANSEL, J., County Court, Greenville, 1921. Affirmed.

Action by J. F. Barkshadt against J. C. Gresham. Judgment for plaintiff and defendant appeals.

*Messrs. Bonham v. Price,* for appellant, cite: *Duty of person in sudden peril:* 29 Cyc. 434.

*Mr. Wilton H. Earle,* for respondent, cites: *Judgment should not be reversed for technical inaccuracies:* 79 S. C. 125. *Statements made during negotiations for settlement not admissible:* 88 S. C. 453.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages to the plaintiff's horse, sustained in a collision with the defendant's automobile. The jury rendered a verdict in favor of the plaintiff, for $175, and the defendant appealed upon two exceptions, the first of which is as follows:

"(I)    That his Honor erred in charging the jury that a person situated in a position of sudden peril is held to the standard of ordinary prudence; whereas his Honor should have charged the jury that a person so situated is only required to exercise his best judgment under the circumstances."

His Honor, the presiding Judge, thus charged the jury:

"What is negligence?   The law says that it is the want of due care.   It is what a man of ordinary prudence, under the like circumstances, would do.   I charge you that is the law in South Carolina.   *   *   *   There is the question of sudden peril; something happens all at once; the law is: What would a reasonable man do under the circumstances?   What would a man of reasonable prudence do?   The law sets up as the ideal a man of reasonable prudence."

In this charge there was no error.

The second exception is as follows:

"(II)  His Honor erred in excluding admissions of the plaintiff as to the value of the horse, for the question did not ask the witness if plaintiff had offered anything in settlement of the matter, but only asked what statements he had made relative to the value of his horse."

The appellant's attorneys have failed to satisfy this Court that there was prejudicial error.

Affirmed.