15225

PORTER v. COOK *ET AL.*

(13 S. E. (2d), 486)

*Mr. Leon W. Harris,* for appellant,

*Messrs. Henry P. Willimon* and *Harold Major,* for respondents,

March 6, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

Plaintiff's decedent, James Calvin Porter, a boy of about eleven years of age, fell from his bicycle beneath a passenger bus owned and driven by the defendant, J. J. Cook, and was instantly killed. The action was brought against Cook to recover damages for wrongful death, and against Pennsylvania Casualty Company of Lancaster, Pennsylvania, with whom he carried liability insurance. To the various specifications of negligence charged against him in the complaint, Cook filed a general denial and a plea of contributory negligence. From a judgment of nonsuit entered at the close of the plaintiff's evidence, the plaintiff appeals, assigning error. The nonsuit was based upon the sole ground that the evidence failed to show any actionable negligence on the part of the defendant, Cook, in the operation of the bus.

The major question presented by the appeal is the contention of the plaintiff that Cook was guilty of negligence as the proximate cause of the death of James Calvin Porter, in that the testimony showed that he could have stopped the bus after seeing the perilous position of the boy, but that he made no attempt to do so until after the boy had been run over and killed. It is also said that the evidence permits the inference that if Cook had slackened his speed the boy would have escaped injury.

The plaintiff's case depends upon the evidence of two eye witnesses, Charles Harris and E. B. Drew. It appears from their testimony that the large passenger bus, driven by the defendant, Cook, was at the time of the accident, proceeding along the sixty-foot paved State highway running through Orr Mill Village, at a moderate rate of speed, estimated to be fifteen or twenty miles per hour. As Cook approached a side street which entered the highway from his right, he sounded his horn three or four times. Just as he reached the intersection, the deceased suddenly emerged from the side street on his bicycle, riding at a speed estimated to be ten or fifteen miles per hour. The witness, Harris, stated that as the boy entered the highway "the bus started to pulling over to the side (its left), and he come into the side of the bus and pushed kinda off once, and he was going across the street when he first come out, and then he kinda turned and come towards town and pushed kinda off of the bus a time or two." This witness and the other witness, Drew, testified that when the deceased turned his bicycle to his right, he and the bus were then moving alongside each other, and that there was ample room between the bus and the sidewalk for the bicycle to have safely passed on if it had been under control.

The boy first made contact with the bus with his left hand near the forward door, to the rear of the front fender, on the side away from the driver. It appears that he continued thrusting himself away from the bus with his left hand until he reached the back of the bus, near the right rear

wheel, at which point he again pushed away, but lost his balance on the bicycle and fell beneath the wheel. The evidence also shows that as the boy entered the highway Cook swerved the bus to the left, away from the boy, and across the sixty-foot street. When the bus was stopped its rear end was ten to fifteen feet beyond the body of the deceased. There is no evidence that there was any other traffic on this street or highway at the time of the accident.

Cases in which the decision turns on contributory negligence must be clearly distinguished from cases in which the decision turns on lack of actionable negligence on the part of the defendant. Where no actionable negligence is shown recovery is denied, notwithstanding the injured person, in view of his age and lack of discretion, was not chargeable with contributory negligence.

It is settled by a great body of decisions that an automobile driver, who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or an injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. 5 Am. Jur., Automobiles, Section 171, page 600, Annotations, 111 A. L. R., 1019, 79 A. L. R., 1277, Restatement of the Law, Torts, Section 296, page 796. The sudden emergency doctrine is not an exception to the general rule. *Barkshadt v. Gresham,* 120 S. C., 219, 112 S. E., 923.

Ordinarily, the question of sudden emergency is for the jury, but if the proof shows no actionable negligence on the part of the defendant, it is the duty of the Court to so declare as a matter of law.

The evidence in this case must be viewed in the light most favorable to the plaintiff, but even so, we think it is susceptible of no other reasonable inference than that the defendant was in no sense responsible for the unfortunate accident which resulted in the death of plaintiff's decedent. The defendant, Cook, compelled as he was to

choose instantly between two or more hazards, or rather between two or more means of attempting to escape the grave and imminent peril with which he was confronted, did not fail, in our opinion, to exercise due care in the effort he made to avoid injuring the decedent.

Persons who have to act in the face of sudden and imminent peril, are not to be judged in the light of later events, but are to be judged under all the circumstances which surround them at the time by the standard of what a person of ordinary prudence would have been likely to do under the same conditions. If the emergency had been brought about by the defendant's own negligence a different rule would apply, but here we think the evidence shows beyond question that the situation which resulted in the tragic death of James Calvin Porter cannot properly be laid at the door of the defendant, Cook.

The law, which is always jealous of the rights of a child, and ever swift to afford a remedy for any wrong suffered by him, must also be just to a defendant who is sought to be held liable in damages for an injury suffered by a child, where the alleged wrongdoer has been guilty of no actionable negligence. Speculate and theorize as we may as to what course of conduct might have been wisest and safest for the defendant, Cook, to have followed in order to avoid doing injury to the boy, the fact remains that if this case had been submitted to the jury it would have left the issue of negligence wholly dependent upon the doctrine of chance, and not upon actual proof.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE BAKER and MESSRS. ACTING ASSOCIATE JUSTICES L. D. LIDE and J. STROM THURMOND concur.