18154

Elsie D. ELROD, Respondent, v. W. W. ALL, Appellant

(134 S. E. (2d) 410)

*Messrs. Moore & Mouzon,* of Charleston, *for Appellant,*

*Messrs. J. D. Parler* and *Thomas O. Berry, Jr.,* of St. George, *for Respondent,*

January 14, 1964.

Moss, Justice.

Elsie D. Elrod, the respondent herein, instituted this action to recover damages for personal injuries alleged to have been sustained by reason of the joint and concurrent carelessness, negligence, willfulness, wantonness and recklessness of W. W. All, the appellant herein, and Frances Sue Bankston and J. R. Bankston.

The action arose out of an accident which occurred on February 4, 1960, on U. S. Highway 52, in Charleston County. The respondent was a guest passenger in an auto-

mobile owned and driven by the appellant. It appears that there were three other passengers in said car and all of them, including the appellant, were on their way to their homes in Dorchester County from their work at the Charleston Navy Ship Yard.

The respondent, in her complaint, alleges that on February 4, 1960, she was riding as a guest in a Chevrolet automobile owned and operated by the appellant, in a northerly direction over and upon U. S. Highway No. 52, in the lane of travel on the left hand side of the center of said dual highway, "at a reasonable and lawful rate of speed, in a careful and prudent manner, with proper lights displayed on said automobile" at a point approximately nine miles north of the City of Charleston. At the intersection of U. S. Highway No. 52 and Midland Park Road, an automobile owned by J. R. Bankston and being operated by his wife, entered U. S. Highway No. 52 from a driveway on the right thereof, ahead of appellant's car "and cut and swerved across to the left of the center line of traffic into the left-hand lane of travel, proceeding North, which was directly in the lane of travel in front of the Chevrolet automobile in which plaintiff was traveling and thereby blocking the lane of traffic of the automobile in which plaintiff was traveling, the operator of the Chevrolet automobile in which plaintiff was traveling suddenly cut and drove the said Chevrolet automobile, * * * sharply to its left, off of the said concrete highway and crashed into a tree." This allegation of the complaint is admitted by the appellant and by the Bankstons, who are defendants in this action.

The respondent further alleged in her complaint, as to the Bankston defendants, that they were guilty of carelessness, negligence, willfulness, recklessness and wantonness:

"(c) In permitting and allowing the said Ford automobile to suddenly cut and swerve to the left of the center of the concrete portion of said heavily traveled dual lane highway, leaving the right-hand lane of travel and crossing over into the left-hand lane of travel, without giving any sign or sig-

nal whatsoever, and thereby causing Chevrolet automobile in which plaintiff was riding to be forced to cut and swerve sharply to the left, crashing into a tree to avoid colliding with the said Ford automobile.

"(h) In suddenly driving and operating the said Ford automobile onto the said Highway 52, and then proceed across the right-hand northern lane of travel into the left-hand northernly lane of travel, directly in front of the automobile in which plaintiff was riding, thereby causing the operator of the automobile in which plaintiff was traveling to be faced with a sudden peril, with the result that the operator of the automobile in which plaintiff was traveling was forced to suddenly cut and swerve sharply to the left of the said highway and crash into a tree in order to avoid colliding with the said Ford automobile.

"(j) In failing and refusing to stop the said Ford automobile or to turn the same aside in order to avoid the necessity of the automobile in which plaintiff was traveling to be forced to leave the said highway and crash into a tree."

As to the appellant All, the complaint charges that he was guilty of carelessness, negligence, willfulness, recklessness and wantonness in (1) not keeping a proper lookout for other vehicles using said highway; (2) in turning his automobile sharply to the left in such a manner as to leave the said highway and crash into a tree; (3) in failing to stop his automobile or to turn the same aside in order to avoid a collision with the Bankston automobile; (4) in failing to use due care under the circumstances; (5) in failing to yield the right of way; and (6) in failing to keep his automobile under proper control.

The appellant, by his answer, denied that the injury to the respondent was due to any reckless, willful or wanton conduct in the operation of his automobile and affirmatively alleged that the injury to the respondent was the result of the carelessness, negligence, recklessness, willfulness and wantonness of the Bankstons. In their answer, the Bankstons denied the allegations of negligence, recklessness, willfulness

·and wantonness on their part and affirmatively alleged that the respondent was engaged in a common enterprise with the appellant and that he was negligent, reckless and willful in driving his said automobile in a manner indicating willful or wanton disregard for the safety of the respondent and such was imputed to her.

This case came on for trial before the Honorable Steve C. Griffith, and a jury, on April 18, 1962. At appropriate stages of the trial, the appellant moved for a nonsuit and a directed verdict. These motions were refused and the case submitted to the jury.

The Trial Judge instructed the jury that under the undisputed evidence the respondent was a guest in the automobile of the appellant at the time she was injured, and the liability of the appellant to the respondent was governed by the guest statute, Section 46-801 of the 1952 Code of Laws of South Carolina. He instructed the jury that the appellant would not be liable to the respondent for simple negligence, but if the appellant were guilty of willfulness, wantonness or recklessness, then he would be liable to the respondent and, in that event, the jury must return a verdict for actual, and also, punitive damages.

Since the respondent was a guest passenger in the automobile of the appellant, the Trial Judge properly charged the jury that this action is governed by the guest statute, Section 46-801 of the Code. Under such statute, a guest cannot recover against the owner and operator of an automobile for simple negligence. *Oswald v. Weiner*, 218 S. C. 206, 62 S. E. (2d) 311. The foregoing action, as construed by this Court, restricts liability to cases where injury has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle. This Court has also held that the only duty that the operator of an automobile owes to a guest passenger is not to injure her willfully or by conduct in reckless disregard of her rights. *Shearer v. DeShon*, 240 S. C. 472, 126 S. E. (2d) 514.

The jury returned the following verdict: "For the plaintiff against Frances Sue Bankston and J. R. Bankston $10,000.00 negligence and against W. W. All $10,000.00 negligence." Immediately following the publication of the foregoing verdict, the appellant and the Bankstons moved for judgment *non obstante veredicto,* and in the alternative for a new trial, and the respondent made a motion for a new trial, joining in the motions of the appellant and the Bankstons in that respect. The Trial Judge refused the motions made for judgment *non obstante veredicto* but did grant a new trial, holding that "it would be entirely speculative to contemplate what the jury meant by its verdict." Upon inquiry by the Trial Judge, the foreman of the jury stated that they intended to find the appellant guilty only of simple negligence and to award actual damages therefor. The respondent and the Bankstons did not appeal from such order. However, W. W. All, the appellant herein, did appeal to this Court and asserts that the Trial Judge erred in refusing to grant his motion for judgment *non obstante veredicto,* on the grounds: (1) That there was no evidence whatever that he was guilty of recklessness and willfulness necessary to impose liability under the guest statute; and (2) That the jury having specifically found that he was guilty of no more than simple negligence he was not liable to the respondent under the guest statute.

The question of whether or not there was error in refusing the motions of the appellant for a nonsuit, directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Matthews v. Porter,* 239 S. C. 620, 124 S. E. (2d) 321; *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335.

U. S. Highway No. 52 is a dual highway, with two traffic lanes running north and two south; the northbound lanes being separated from the southbound lanes by a wide earth strip, with trees growing in it. Each of the northbound lanes are about ten and one-half feet in width, a dirt shoulder lies to the west of and parallel to the paved portion of the road. The northbound and southbound lanes of the highway are connected at points some distance apart by paved cutovers, by means of which automobiles traveling in a northernly direction could cross over and travel in the opposite direction.

The testimony is undisputed that the appellant was on his way home from his work at the Charleston Navy Shipyard. Riding in the Chevrolet automobile of the appellant were the respondent, Louie Elrod, her husband, Jimmy Connelly and Carl Campbell, all of whom were fellow employees of the appellant at the shipyard. These occupants of appellant's car were called as witnesses in behalf of the respondent. We will briefly review their testimony.

Carl Campbell testified that he was in the front seat of the car with the appellant, and that at the point of collision "we were traveling along on our way home and this automobile (referring to Bankston car) pulled from the shoulder on to the right hand lane and crossing into the left hand lane, forcing us off the road and up into a tree and crashed", and "it just suddenly came out in the road, right on across the right lane, into the left lane, right in front of us, and Mr. All was forced off the road and we went into a tree." He further testified that the appellant, just prior to the accident, was traveling in the right lane of the road and he shifted to the left lane just as the Bankston car started into the highway. We quote the following from his testimony:

"Q. Now, she came onto the road, from what you say, in front of him, in front of Mr. All, is that correct?

"A. Well, almost directly into the side of him.

"Q. Almost directly into the side of him?

"A. Yes, sir."

\* \* \*

"Q. She came from the shoulder, you say, into the right-hand lane and went to the left-hand lane?

"A. Yes, sir.

"Q. And then straightened up and went north?

"A. By that time we were off the road.

"Q. You were off the road then?

"A. Yes, sir."

\* \* \*

"Q. Was there anything that you could see that Mr. All could do to avoid what he did do?

"A. No, sir, I would say it was a natural reflex for him or anyone else, you or me or anyone else to try to avoid the collision."

Jimmy Connelly testified that he was riding with the appellant and was asleep on the back seat and when he woke up the car had struck the tree. He knew nothing of what happened before the collision.

Louie Elrod, husband of the respondent, testified that he was in the back seat of the car and had leaned over to "catch me a nap when suddenly the brakes were applied on the automobile" and "I jumped up and when I did this automobile was directly in front of us. Mr. All was pulling off to the left-hand side of the road and when he was going over to the left-hand side and was applying his brakes, the car whipped and turned right into the tree." He further testified that when he jumped up "Mrs. Bankston was directly in front of us." This witness was asked what the appellant was doing in the operation of the car when he woke up, on the brakes being applied. His answer was: "Well, the automobile was right in front of him and he was applying the brakes to keep from hitting the car in front of him, and went over on the shoulder and went a short piece and the tree caught us on account of the dampness, it pulled us around into the tree." He testified that the appellant was a careful driver and that shortly after this accident he gave a signed statement as to how it happened. On cross examination this witness was asked "Do you recall whether or not you said this: 'At that

time the front of our car was about fifteen or twenty feet south of the Ford which was pulling in front of us. Mr. All was applying his brakes, pulling to the left, going off the road in order to avoid hitting the left side of the Ford. When our car was finally off the road the car skidded and the front hit the dirt bank and then a tree located about ten or twelve feet left of the edge of the highway.' Is that correct?" To which he replied "That is just what I got through telling. Same thing."

The respondent testified that she was riding with the appellant and sitting in the middle on the back seat. She says that when they reached the intersection of U. S. Highway No. 52 with Midland Park Road "This car pulled out from a road on the right hand side." At this time the appellant was driving in the right lane and he immediately, upon seeing the car entering the highway, pulled to the left lane, and the Bankston car "pulled off of the shoulder diagonally across the right lane into the left hand lane." This witness was asked what happened to the appellant's automobile and she replied: "Mr. All cut to the left to avoid a collision with the other car and in so doing he went off the highway over on the shoulder and hit an embankment and then we went into the tree." The following is also taken from her testimony:

"Q. You told me she had made a turn and was headed north and if he had gone sraight on in the right lane, he would not have hit anything?

"A. Mr. All turned into the left lane when he saw this car there.

"Q. Well, if he hadn't cut into the left lane, he could have gone right on, could he not?

"A. And she pulled right in front of him?

"Q. Yes, ma'am.

"A. I don't see how.

"Q. Well, I think you told me that she came on in and was headed north—

"A. She didn't come on in and stay in the right lane.

"Q. She went into the left lane?

"A. She continued on over to the left side."

This witness also testified that if the Bankston car had straightened out on the right hand lane everything would have been all right. When asked as to the distance between the appellant's car and the Bankston car, when it came into the left lane, she replied that she could not state the distance in feet but "I would say it was close". She further testified that if the appellant had not pulled his car to the left, he would have hit the Bankston car. This witness was also asked that since the Bankston car came into the left lane, if the appellant had continued in the right hand lane, could he have passed the Bankston car? To which she replied: "I wouldn't think so." When asked if the appellant's car hit the Bankston automobile, this witness replied: "Naturally not, he was trying to avoid Mrs. Bankston. That is when he pulled to the left and hit the tree."

The appellant testified that he was driving his automobile north on U. S. Highway No. 52 and just north of Midland Park Road he observed the Bankston car parked on the right hand shoulder of the highway. As it moved off the shoulder on the right lane of the highway, the appellant moved over to the left lane to pass. Just as the appellant got close to the Bankston car, rather than straightening out in the right lane it came diagonally across the road, and he had to take the shoulder rather than hit it. He testified that he could not turn back to the right because the Bankston car was in the way and he had to turn to the left in an effort to avoid colliding therewith. He estimated that the distance between his car and the Bankston car, at the time it moved into the left lane, was about fifteen feet, and that was when he applied his brakes. He testified that when he first saw the Bankston car it was 150 to 200 feet from him.

Frances Sue Bankston testified that she stopped before entering U. S. Highway No. 52 and she saw the All car approaching in the right lane about 200 to 250 yards back. She said she had plenty of time to get out and pulled directly across the right hand lane into the left lane and then proceeded down the highway north. She further testified that

she did not know of the collision of the appellant's car with a tree until such was called to her attention by Marion G. Puckett, a passenger in her car. This passenger was unavailable as a witness but gave an affidavit in the main confirming the testimony of Mrs. Bankston.

The highway patrolman, who made the investigation, testified that he interviewed Mrs. Bankston and she stated that she pulled diagonally across the highway into the left lane to continue on up to make a left turn at the crossover. He likewise testified that the appellant stated that he was traveling north in the right lane and when he saw Mrs. Bankston pull out, he pulled to the left and applied his brakes.

We have heretofore recited certain of the allegations of the complaint of the respondent and of the answers of the appellant and the Bankstons. We have also summarized the testimony.

We consider the pleadings in this case in the light of the general rule, that the parties to an action are judicially concluded and bound by such unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statement or admissions contained in a pleading are conclusive as against the pleader. It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts which are admitted by the pleadings are to be taken as true against the pleader for the purpose of the action. Evidence contradicting such pleadings is inadmissible. *Truesdale v. Jones,* 224 S. C. 237, 78 S. E. (2d) 274, 71 C. J. S. Pleadings § 59A, page 147.

The foregoing rule is concisely stated in *Talbert v. Hamlin,* 86 S. C. 523, 68 S. E. 764, as follows:

"* * * While it is true, as a general rule, that an admission in a pleading is taken as conclusive of the fact admitted, and, so long as it remains in the pleading, evidence to the contrary will be excluded, still even such an admission, though made under oath, may be withdrawn by leave of the court. * * *"

It is a general rule that a party is concluded by his own testimony which is favorable to the adverse party.

Likewise, a party to an action is bound by the testimony of his own witnesses where he does not prove the facts to be otherwise than as such witnesses testified them to be. *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 119 S. E. (2d) 746; and *Porter v. Hardee,* 241 S. C. 474, 129 S. E. (2d) 131.

The respondent, by her complaint, alleges, and such is admitted by the appellant and the Bankstons, that the appellant was operating his automobile at a reasonable and lawful rate of speed, in a careful and prudent manner, when the Ford automobile, being operated by Mrs. Bankston, suddenly and without warning, cut and swerved across to the left of the center line of traffic into the left hand lane of travel, which was directly in the lane of travel in front of the automobile in which respondent was riding, thereby blocking such lane of traffic and, as a result, the appellant suddenly cut and drove his automobile sharply to the left and off of the said highway. Testimony of all the respondent's witnesses affirms the truth of this admitted allegation of the complaint. Any testimony of Mrs. Bankston contrary to the foregoing admission raises no issue as between appellant and respondent.

The respondent, in her complaint, alleges that the appellant, with whom she was riding, was faced with a sudden peril and was forced to suddenly cut and swerve sharply to the left of said highway in order to avoid colliding with the Ford automobile driven by Mrs. Bankston. Of course, the respondent is bound by this allegation of her complaint which affirmatively alleges that the appellant was faced with a sudden peril or emergency and that such was brought about by the carelessness, negligence, willfulness, recklessness and wantonness of Mrs. Bankston.

In determining whether or not the operator of an automobile was justified in turning out to the left, the usual rules applicable to acts in emergenices generally apply. When the driver of an automobile is confronted with

a sudden peril brought about by the negligence of another, he is not held to the exercise of the same degree of care as when he has time for reflection. If he has used due care to avoid meeting such an emergency, and after it arises he exercises such care as a reasonably prudent driver would use under the attendant circumstances, he is not negligent. In *Porter v. Cook,* 196 S. C. 433, 13 S. E. (2d) 486, 488, the Court said: "It is settled by a great body of decisions that an automobile driver, who, by the negligence of another and not by his own negligence, is suddenlly placed in an emergency and compelled to act instantly to avoid a collision or an injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice."

Ordinarily, the question of sudden emergency is for the jury, but if the proof shows no actionable negligence on the part of the appellant, it is the duty of the Court to so declare as a matter of law.

We think that the evidence in this case is susceptible of no other reasonable inference than that the appellant was faced with a sudden emergency and exercised due care, in turning his automobile to the left, in the effort he made to avoid colliding with the Bankston automobile. In so doing, he was not guilty of either willful, intentional or reckless misconduct in the operation of the automobile in which respondent was riding.

After reviewing all of the evidence, we conclude that the only reasonable inference to be drawn therefrom is that the appellant was not guilty of intentional, willful or reckless misconduct in the operation of his automobile. Hence, there is no liability of the appellant to the respondent under the guest statute. Section 46-801 of the Code.

In view of the conclusion above reached, it becomes unnecessary for us to consider the second question posed by the appellant.

The exceptions which assigned error in refusing to grant the motions of the appellant for a directed verdict and judg-

ment *non obstante veredicto* are sustained and this case remanded to the lower Court for entry of judgment, under Rule 27, in favor of the appellant.

Reversed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.