### 20127

Gary Lee LEGETTE, as Temporary Administrator of the Estate of Christopher Legette, Appellant, v. Tom SMITH, d/b/a Tom Smith Construction Company, Respondent.

(220 S. E. (2d) 429)

*Franklin R. DeWitt, Esq.,* of Conway, *for Appellant,* cites:

*Messrs. William H. Seals,* of Marion, *Joe M. Cox,* of Mullins, and *Frank K. Sloan,* of Columbia, *for Respondent,* cite:

December 9, 1975.

LITTLEJOHN, Justice:

This wrongful death action arose out of the death by drowning of three-year-old Christopher Legette in a septic tank. Plaintiff, the deceased's father brought suit as the administrator of his son's estate, alleging the negligence of the defendant in constructing and installing the septic tank as the sole and proximate cause of his son's death.

The septic tank had been built and installed by defendant's subcontractor, Tommy White, for one Melinda Legette (plaintiff's sister) two and one-half years before the accident. It was located a short distance from the rear of her residence. Plaintiff's son was visiting at Melinda Legette's house and being cared for by her three children on the day of the accident. The body of the child was found in the septic tank. Nothing in the record reveals when the top of the tank caved in, or what caused it.

Defendant's answer was, in essence, a general denial.

The evidence disclosed that the septic tank was constructed at the subcontractor's (Tommy White's) plant, on precast frames, and brought to the Legette house for installation. The tank consisted of two sections which were placed in the ground and covered with four lids, made of concrete and reinforced by metal rods and wire mesh. Each of the four lids was five feet long and four inches thick, and weighed approximately four hundred pounds. After the tank and lids were in place, a layer of dirt six to eight inches thick was placed on top and sown with grass.

The subcontractor testified that the lids are not made to withstand great stress, that they are put in place with a chain hoist, and sometimes a tractor runs over the edge of a tank when covering it with dirt. A county health officer testified that he inspected the tank before it was covered over and noted no faults with either the tank or its lids.

Both plaintiff and Melinda Legette testified that they were generally aware of the tank's location in the backyard and that they were sure no vehicles had driven over it since it had been installed. However, they both testified that a truck had driven in the area to install as gas tank and to refill it at times, and also that plaintiff drove his car in the backyard to wash it.

The plaintiff failed to present evidence explaining why the top of the tank caved in. All the testimony is to the effect

that construction and installation of the tank was normal and that until the accident no problem whatsoever was encountered with the structural aspects of the tank.

Following the drowning, the subcontractor replaced one of the four lids. Plaintiff did not retrieve the broken lid in an effort to have it-examined to determine the reason for its collapse. Plaintiff and defendant did testify that they "poked" around in the tank, but neither indicated they found the missing lid.

After all the testimony was presented, the trial judge directed a verdict for defendant, ruling that the evidence did not support the allegations of negligence on defendant's part.

Plaintiff has appealed, alleging error on the part of the trial judge (1) in ruling that the evidence did not support one or more of the allegations of negligence, and (2) in failing to apply the doctrine of *res ipsa loquitur*.

We are of the opinion that the trial court's direction of a verdict in favor of the defendant was not error.

The plaintiff has simply failed to meet the burden of proof by presenting evidence creating a reasonable inference of negligence on the part of the defendant. There is certainly no direct evidence indicating that the defendant was negligent. When circumstantial evidence is relied upon to establish negligence and ensuing liability, a plaintiff must show such circumstances as would justify the inference that the injuries (death in this case) were due to a negligent act on the part of the defendant; the matter may not be left to mere conjecture or speculation. *McQuillen v. Dobbs,* 262 S. Ct. 386, 204 S. E. (2d) 732 (1974) ; *Chaney v. Burgess,* 246 S. C. 261, 143 S. E. (2d) 521 (1965).

Even taking all of the evidence in the light most favorable to the plaintiff, as we must do, the plaintiff has failed to make out his case, and it was the duty of the trial judge to direct a verdict for the defendant. *Owens*

578

*v. South Carolina State Highway Dept.*, 239 S. C. 44, 121 S. E. (2d) 240 (1961).

Pursuant to Rule 8 § 10 of this Court, the appellant applied for and was granted the right to argue against, and seek a reversal of, the previous decisions of this Court wherein we refused to adopt the doctrine of *res ipsa loquitur*. Upon reconsideration of the views heretofore expressed, we adhere to our previous rulings.

The verdict of the lower court is accordingly

Affirmed.

LEWIS, C. J., NESS, J., and JOSEPH R. Moss, Acting Associate Justice, concur.

RHODES, J., not participating.