816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances V. COOK, Administratrix of the Estate of Hershel M.
Cook, deceased, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 86-1131.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided April 7, 1987.
 
 1
 Before HALL and CHAPMAN, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.
 
 
 2
 Heidi M. Solomon, Assistant United States Attorney (Vinton D. Lide, United States Attorney; Russell L. Caplan, Appellate Staff, Civil Division, United States Department of Justice, on brief), for appellant.
 
 
 3
 Francis Thomas Draine, on brief, for appellee.
 
 SENTELLE, District Judge:
 
 4
 The United States appeals from a judgment in favor of the plaintiff Administratrix in a wrongful death, malpractice case brought pursuant to the Federal Torts Claims Act, 28 U.S.C. Sec. 1346(b), 2671 et. seq. The United States contends that the evidence below was insufficient to support the findings of fact upon which the verdict was based. Upon review of that record, we find the evidence to be sufficient to support the findings and the verdict and, therefore, affirm.
 
 
 5
 The factual evidence was largely uncontradicted. Plaintiff's husband-intestate (hereinafter "Cook") entered the Charleston Naval Hospital, Charleston, South Carolina, July, 1980, where he underwent abdominal surgery. After the surgery, the Naval doctors closed the abdominal incision with the use of retention sutures, a fact the significance of which will become apparent later in this opinion. Cook did not evidence a satisfactory recovery and, by the third post-operative day, was transferred to intensive care where he was closely monitored. On the eighth post-operative day, he was taken back to surgery because his signs and symptoms became those of septic shock. A second surgery revealed a hole in the small bowel from which bowel contents had leaked causing diffuse peritonitis. By August 7, 1980, this peritonitis had become the contributing cause to a respiratory failure which resulted in death.
 
 
 6
 The evidentiary dispute concerns the cause of the hole in the small bowel. The controversy centers around the above-referenced retention sutures. The operating surgeon recorded in his operative notes to the second procedure and testified at trial that the hole resulted from the bowel rubbing against a retention suture. The retention suture procedure requires the use of large needles and stitch material to insert a closing layer of sutures for the reinforcing of a wound closing. The treating physician and expert witnesses for both sides agreed that injury to the bowel may occur from improper procedures in the handling of retention sutures; that the bowels must be protected during surgery with proper packing and the use of clamps; that the standard procedure to avoid damage to the bowels when using retention sutures requires the surgeon to visualize the passage of the needle and the suture material to avoid damage to the bowels. The plaintiff's expert testified that the rubbing hypothesis of the operating surgeon was impossible and that the injury in this case could not have occurred absent a violation of the standard of care during the operation. The defendant's expert witness testified that he saw no evidence of a failure to meet standards but that he did not know what had caused the perforation; and that while it could have been caused by the rubbing theorized by the operating surgeon, he had never seen an instance of such a perforation caused in that manner during his extended career.
 
 
 7
 The trial court's finding of negligence in the testimony of plaintiff's expert upon which he based that finding amounted to a determination that this perforation must have been caused by a failure to meet the proper standards in the insertion of the retention sutures since the perforation normally could not have occurred in the absence of such a failure. Appellant argues quite persuasively that this amounts to an application of the doctrine of res ipsa loquitur.* This, appellant contends, is an error of law. Under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), 2671 et seq., the district court is to look to the law of the state where the act or omission occurred to determine whether a complaint in negligence warrants relief. United States v. Muniz, 374 U.S. 150 (1963). In this case, therefore, the law of South Carolina must apply. Appellant then argues that South Carolina does not recognize the doctrine of res ipsa loquitur. And, indeed, South Carolina's courts have repeatedly expressed a rejection of the doctrine. "Adoption of this doctrine was recently considered by our Supreme Court and rejected." Baine v. Self Memorial Hosp., 314 S.E.2d 603, 605, 281 S.C. 138, ______ (S.C.Ct.App.1984), citing Legette v. Smith, 220 S.E.2d 429, 265 S.C. 573 (1975). Therefore, on its face, appellant's argument appears correct. That is, to support his finding of negligence, the district court must have employed the doctrine of res ipsa loquitur; South Carolina rejects the law of res ipsa loquitur; South Carolina law applies; so, the court below must have been in error.
 
 
 8
 However, a deeper examination of the South Carolina precedents reveals that the court below was not in error. As one recognized authority on torts law has pointed out, "it [the doctrine of res ipsa loquitur ] is nevertheless accepted and applied by all of our courts, including those of South Carolina, which purport to reject it by name...." Prosser, supra, p. 213. Examination of the South Carolina precedents reveals that at least insofar as is applicable to this case, Professor Prosser is correct. In one of the very cases relied upon by appellants, the South Carolina Court of Appeals held that:
 
 
 9
 "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." Baine v. Self Memorial Hosp., supra, 314 S.E.2d at 606-07. Quoting Childers v. Gas Lines, Inc., 248 S.C. 316, 323-324, 149 S.E.2d 761, 764 (1966).
 
 
 10
 The medical evidence in the present case met the test set forth in Baine v. Self Memorial Hospital, and the trial court's application of this standard and his conclusions thereunder are not in error. We would leave to the South Carolina courts such name as it may wish to apply to the Baine language.
 
 
 11
 Since the trial court's application of state law was correct and since the appellant's argument is then reduced to an attack on the findings of facts, this case is governed by Fed.R.Civ.P. 52(a) dictating that "findings of fact shall not be set aside unless clearly erroneous." The Supreme Court has recently instructed that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, ______ U.S. ______, ______, 105 S.Ct. 1504, 1511 (1985). Since this Court is left with no such "definite and firm conviction" in this case, the decision of the trial court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The most frequent formulation of the res ipsa doctrine is "[W]here the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." W. Prosser, Law of Torts, 4th Ed. at 214 (1971). Citing Scott v. London & St. Katherine Docks Co., 3 H & C 596, 159 Eng.Rep. 665 (1865)