919 F.2d 734
 31 Fed. R. Evid. Serv. 1096
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jo J. GIBSON,
v.
Stephen Glenn SCHULTZ, Chrysler Credit Corporation, Debbie
McLeod, Defendants-Appellees.
Floyd A. GIBSON, Plaintiff-Appellant,
v.
Stephen Glenn SCHULTZ, Chrysler Credit Corporation, Debbie
McLeod, Defendants-Appellees.
 Nos. 89-2473, 89-2474.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Dec. 10, 1990.
 
 Appeals from the United States District Court for the District of South Carolina, at Spartanburg. Joe F. Anderson, Jr., District Judge. (CA-88-3037-17-7)
 Floyd A. Gibson, Bell, Seltzer, Park & Gibson, Charlotte, N.C., for appellants.
 Dana C. Mitchell, III, Mitchell, Bouton, Yokel & Edwards, Greenville, S.C., Stephen Sanders Wilson, The Ward Law Firm, Spartanburg, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and SAMUEL GRAYSON WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Jo J. Gibson instituted an action in federal district court against Debbie McLeod, Stephen Glenn Schultz, and Chrysler Credit Corporation to recover for personal injuries sustained in an automobile accident. Gibson's husband, Floyd A. Gibson, also sued these defendants, for damages to his car and loss of consortium. At trial, the jury found for all of the defendants in both actions. The Gibsons now appeal several rulings made by the court during trial: they maintain that the district court committed error by denying directed verdict and j.n.o.v. motions, by submitting to the jury the sudden emergency defense, and by admitting into evidence the amount of a settlement from a prior accident involving the Gibsons. Finding no merit in these issues, we affirm.
 
 I.
 
 2
 On the evening of February 11, 1987, at approximately 7:40 p.m., defendant Debbie McLeod was driving her car north on Interstate 85 in Spartanburg County, South Carolina. Shortly after passing the junction of I-85 and Pine Street Extension (Interstate 585 and U.S. Highway 176), McLeod, who was travelling in the right-hand lane, noticed an eighteen-wheel truck in front of her applying its brakes. In reaction, McLeod also applied her brakes and proceeded to lose control of her car. McLeod's vehicle spun around, crossed into the left-hand lane of northbound traffic, and came to a stop facing south on the left-hand shoulder of I-85 North with some portion of the car protruding into the left-hand lane.
 
 
 3
 McLeod was unable to get her car started immediately, and because her car protruded into the road, a truck driver travelling in the left-hand lane stopped his eighteen-wheel vehicle.[1] Travelling behind this truck in the left-hand lane was plaintiff Jo J. Gibson, who was driving a 1986 BMW 735i automobile owned by her husband, plaintiff Floyd A. Gibson. Mrs. Gibson noticed the truck stopping ahead of her and was able to bring her car to a stop approximately three car lengths behind the truck.
 
 
 4
 Defendant Stephen Glenn Schultz was also travelling on I-85 North that night. On the way from his office in Greenville, S.C., to his home in Gaffney, S.C., Schultz stopped off at a Hardee's restaurant located on the Hearon Circle in Spartanburg. After purchasing a cup of coffee, Schultz returned to I-85 North to continue his trip. Shortly thereafter, while travelling in the right-hand lane, Schultz overtook an eighteen-wheel truck moving at a slower rate of speed. Schultz moved into the left-hand lane to pass the truck and immediately saw directly in front of him Mrs. Gibson's BMW, which had just stopped. Despite applying the brakes, Schultz's car rear-ended the BMW and pushed it forward a couple of car lengths--both vehicles remained in the left-hand lane and the BMW did not collide into the stationary eighteen-wheeler.
 
 
 5
 Through diversity of citizenship, Mrs. Gibson instituted a suit in the United States District Court for the District of South Carolina against Debbie McLeod, Stephen Glenn Schultz and Schultz's employer, Chrysler Credit Corporation,[2] to recover for personal injuries caused by the accident. Floyd Gibson also sued these defendants for damage to his BMW and loss of consortium.
 
 
 6
 These actions were consolidated for trial and a jury trial was held on May 9 and 10, 1989. The jury found for all of the defendants in both actions, and the Gibsons appeal several rulings made by the court during and after trial.
 
 II.
 
 7
 The Gibsons maintain that the district court was in error when it denied their motions for a directed verdict and, after trial, a judgment not withstanding the verdict. To receive a directed verdict or a j.n.o.v., one must prove that, even if "viewing the evidence most favorably to the party opposing the motions, a reasonable trier of fact could draw only one conclusion." Walker v. Pettit Construction Co., 605 F.2d 128, 130 (4th Cir.1979). Despite the Gibsons' argument to the contrary, it appears that a reasonable trier of fact could draw differing conclusions as to what transpired in this case.
 
 
 8
 That Stephen Glenn Schultz did not act negligently in causing this accident is a proposition which could very easily be adopted by a reasonable trier of fact. Schultz, who was travelling under the posted 55 mile per hour speed limit, got behind a slower moving eighteen-wheel truck and in order to pass the vehicle moved into the left-hand lane. Unfortunately as is the case when one gets behind such a vehicle, the truck blocked Schultz' view of the two stopped vehicles in the left-hand lane. The Gibsons would have the Court find Schultz guilty of negligence per se because a South Carolina traffic statute holds that cars should not be moved from one lane into another "until the driver has first ascertained that such movement can be made with safety." S.C.Code Ann. Sec. 56-5-1900. Whether Schultz took proper precautions before attempting to pass the slower truck, thus satisfying the requirement of the statute cited by the Gibsons, was, under the testimony, a matter of dispute and thus a matter for jury verdict. A driver is entitled to assume that others using the highway will observe the law and exercise reasonable care, and Stephen Schultz was not necessarily negligent merely because he did not have the foresight to know that others would be suddenly stopping their cars on an interstate highway. The district court was correct in denying the Gibsons' directed verdict and j.n.o.v. motions in respect to Stephen Schultz.
 
 
 9
 As for Debbie McLeod, the Gibsons claim she was negligent as a matter of law. Concededly, in driving on a highway in a normal situation, one usually does not apply one's brakes so hard as to lose control of the car and cause it to spin around. Yet the exact circumstances which forced McLeod to apply her brakes are unclear, nor is it clear that under the circumstances she was negligent in applying her brakes too hard. This made these issues matters for the jury. There is no evidence that McLeod was necessarily negligent in any other way, and South Carolina does not recognize the doctrine of res ipsa loquitur. Legett v. Smith, 265 S.C. 573, 578, 220 S.E.2d 429, 430 (S.C.1975).
 
 
 10
 Even had the court concluded that as a matter of law McLeod had been negligent in applying her brakes, there still would have remained a very real question as to proximate causation. At trial, there was conflicting or unclear testimony concerning how far McLeod's car protruded into the road, how long she had been stopped in this position before the accident occurred, and whether any other vehicles had been able to pass by in the left-hand lane. Viewing this testimony most favorably to McLeod, we find that a reasonable trier of fact could determine that her actions were not a proximate cause to the accident. Thus, the district court properly denied the Gibsons' motions for a directed verdict and a judgment not withstanding the verdict. The questions of fault in this case were properly left to the jury.
 
 III.
 
 11
 In South Carolina, "the sudden emergency doctrine" states:
 
 
 12
 When the driver of an automobile is confronted with a sudden emergency brought about by the negligence of another and not by his own negligence, and compelled to act instantly to avoid a collision or an injury, [he] is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in a like position might make, even though he did not make the wisest choice. Elrod v. All, 243 S.C. 425, 134 S.E.2d 410; McVey v. Whittington, 248 S.C. 447, 151 S.E.2d 92. Still v. Blake, 255 S.C. 95, 105, 177 S.E.2d 469, 474 (S.C.1970).
 
 
 13
 At trial, the court instructed the jury on the sudden emergency doctrine in regards to both Stephen Schultz and Debbie McLeod. The Gibsons object to this, contending that the doctrine is applicable to neither and that its instruction here amounts to reversible error.
 
 
 14
 We note at the outset that this so-called "doctrine" is only a reformulation of, not an exception to, the standard rule of negligence. Barkshadt v. Gresham, 120 S.C. 219, 220, 112 S.E. 923 (1922); Porter v. Cook, 196 S.C. 433, 436, 13 S.E.2d 486 (1941). Whether one is confronted with a sudden emergency or not, one should not be guilty of negligence if he makes such a choice as a person of ordinary prudence placed in a like position might make, even though he did not make the wisest choice.
 
 
 15
 The Gibsons' only major substantive reason why such instruction might have been prejudicial to their case is that the jury necessarily inferred from it that Mrs. Gibson herself was contributorily negligent, a proposition previously overruled by the court. The Gibsons reason that since the instruction mentions that the emergency must be "brought about by the negligence of another" and "[t]he jury in this case found both of the defendants had not been negligent," the jury must have believed Mrs. Gibson was somehow the negligent party. There are several reasons why this logic is faulty, most notably the fact that, as is shown above, a jury could have reasonably found that Debbie McLeod was indeed negligent, but that this negligence was not a proximate cause to the accident. We find this instruction not to have been reversible error.
 
 IV.
 
 16
 The Gibsons' final reason for reversal concerns evidence admitted at trial showing the amount of a settlement from a prior accident wherein Mrs. Gibson was also injured. In 1983, Mrs. Gibson was involved in a wreck quite similar to the one this case concerns. In that instance, the BMW she was driving was rear-ended by another car while she was stopped at an intersection. For the most part, the injuries suffered by Mrs. Gibson then were of the same type as those she alleges she incurred through our accident; Mrs. Gibson's own orthopaedic specialist, Dr. Cecil J. Milton, testified in a deposition that the 1987 accident only aggravated injuries already preexisting from the earlier incident, and that there was no way he could discern what her permanent physical impairment was from the first accident in comparison with that from the second. Thus, at trial in our case, on the issue of damages, evidence concerning the first accident was quite clearly relevant.
 
 
 17
 During trial, the Gibsons attempted to show that the first accident was de minimis, for example through evidence showing that the Gibsons' BMW in that case suffered only $80 in damages. To counter this, defendants sought to introduce evidence that a suit instigated by the Gibsons because of the first wreck had been settled out of court for $22,500. Over plaintiffs' objections, the court allowed introduction of the settlement figure, and the Gibsons now appeal this as a violation of Rule 408 of the Federal Rules of Evidence.
 
 Fed.R.Evid. 408 states that:
 
 18
 Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount....
 
 
 19
 The Gibsons maintain that the district court erred in admitting the settlement amount into evidence because it was offered to prove the invalidity of the claim in the present case. Yet, Fed.R.Evid. 408 on its face is only applicable when the offer to compromise is used to show the invalidity of the claim that the compromise negotiations concerned. In our case, the defendants did not introduce the settlement figure to show that it was invalid, but instead hoped to prove to the jury that the injuries sustained in the first accident were not as minor as the Gibsons had portrayed.
 
 
 20
 Several cases, most notably Wyatt v. Security Inn Food & Beverage, Inc., 819 F.2d 69 (4th Cir.1987), have been cited by the Gibsons in contending that the settlement figure here should have been excluded under Rule 408; however, these cases in our opinion are inapposite. In Wyatt, this Court did hold that a trial court was correct in excluding evidence of a compromise on a previous claim--not because of Rule 408, though, but because the settlement evidence in that case was not relevant. Here, the settlement amount for the first claim was clearly relevant, especially since it was admitted into evidence after the Gibsons had earlier introduced evidence to prove that the damage caused by the first accident was minor. Accordingly, in this case, we find that the district court correctly admitted into evidence the settlement amount from the previous accident.
 
 
 21
 As plaintiffs here have given us no reason to overturn the district court's determination of the case below, that judgment is
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 It is not clear how far McLeod's car protruded into the road or whether other vehicles were able to pass her in the left-hand lane before the truck stopped
 
 
 [2]
 It is agreed that Schultz was acting within the scope of his employment when the accident occurred