946 F.2d 886
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry NORRIS, P & J Express, Incorporated, Plaintiffs-Appellants,
v.
Socar, INCORPORATED, Defendant-Appellee.
 No. 90-3507.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1991.
Decided Oct. 7, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CA-89-1332-4-2)
 Stuart Wesley Snow, Dusenbury & Snow, PA, Florence, S.C., for appellants.
 Saunders McKenzie Bridges, Jr., Bridges & Orr, Florence, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and MURRAY, Senior District Court Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Barry Norris and P & J Express, Inc. appeal the district court's grant of summary judgment in favor of defendant Socar, Inc. in appellants' diversity action claiming that Socar, a steel fabricator and shipper, negligently loaded and secured steel joists onto a tractor-trailer owned by P & J and operated by Norris, and negligently failed to warn of the tendency of these joists to "nest together" en route. They allege Socar's negligence proximately caused Norris's injuries and damage to P & J's equipment when the truck overturned shortly after leaving Socar's plant.
 
 
 2
 Appellants contracted to haul a load of steel joists from Florence, South Carolina, to one of Socar's customers in Florida. On February 24, 1987, Socar loaded bundles of steel joists surrounded by steel bands onto appellants' truck in several tiers. The bundles were then secured by nylon straps attached to the truck. Norris proceeded from Socar's plant to a truck stop. In his deposition he testified that, after he turned left out of the truck stop onto a state highway, he made an immediate right onto an interstate highway entrance ramp. When the truck straightened, Norris felt the truck rock first to the right and then left. After Norris lifted his foot off the clutch, the motor stalled, and the truck fell over to the left. Most of the joists were still banded after the accident, but the truck's nylon straps holding the load were cut along the left side.
 
 
 3
 Appellants claim that Socar had a duty not to create a latent defect in the load. The defect alleged is the tendency of the joists to "nest or work together," which could cause the chains holding down the load to loosen, which in turn could cause shifting of the load while in transit. Appellants further contend that Socar had a duty to warn them of the potential dangers associated with the transportation of steel.
 
 
 4
 A moving party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The plaintiff must offer significant probative evidence tending to support the complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). If it is open to the jury to infer from the circumstances, then summary judgment should not be granted. Anderson, 477 U.S. at 249.
 
 
 5
 Appellants contend that the testimony would have permitted a reasonable jury to infer that the overturning was caused by Socar's negligent loading, especially since other possible causes, such as a flat tire or loose exterior straps, had not been pinpointed. However, appellants presented no evidence that the method of loading and the configuration of this particular load deviated from normal or prudent practice. The tendency of the load to "nest together" and potentially loosen the chains or straps is not necessarily a defect; it is apparently common to every load. The Federal Motor Carrier Safety Regulations, requiring the driver to examine the vehicle's cargo and load-securing devices within the first twenty-five miles and periodically thereafter, 49 C.F.R. § 392.9, contemplates shifting of the load and places the burden of periodically checking and securing it on the driver. Norris testified that he checked the straps before he left the rest stop but he could not tighten them further. It follows that the possible shifting caused by loose straps or chains was not a likely cause of the accident.* The cause of the shifting described in Norris's deposition has not been explained by the evidence presented.
 
 
 6
 Nevertheless, because the cause of the accident was not determined, appellants argue that the doctrine of res ipsa loquitur could support an inference that negligent loading and a resulting shift in the load caused the truck to overturn. However, the doctrine of res ipsa loquitur has been unequivocally rejected in South Carolina, see Legette v. Smith, 265 S.C. 573, 220 S.E.2d 429 (1975); Bain v. Self Memorial Hosp., 281 S.C. 138, 314 S.E.2d 603 (S.C.App.1984), and, based on the outcome-determinative test, federal courts applying South Carolina law must not apply the doctrine in diversity actions. See McLain v. Carolina Power & Light Co., 286 F.2d 816 (4th Cir.1961), cert. denied, 368 U.S. 959 (1962); Coca-Cola Bottling Co. v. Munn, 99 F.2d 190 (4th Cir.1938).
 
 
 7
 Thus, because the cause of the accident is entirely speculative and appellants have offered no direct or circumstantial evidence of negligence in loading or of proximate cause, we affirm the entry of summary judgment for Socar.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Furthermore, had Socar warned Norris of the potential for nesting of the joists, loosening of the chains, and shifting of the load, he could have done nothing more than fasten the straps at prudent intervals to prevent the harm envisioned by this warning. Thus, regardless of whether this warning should have been given, proximate cause is absent