1850

Melonie S. FISHER, Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(419 S.E. (2d) 794)

Court of Appeals

---

*Hemphill P. Pride, II* and *Donnell G. Jennings,* both of the *Law Office of Hemphill P. Pride, II,* Columbia, *for appellant.*

*Walton J. McLeod, III,* of *South Carolina Dept. of Health and Environmental Control,* Columbia, *for respondent.*

Heard Feb. 18, 1992.

Decided April 29, 1992.

*Per Curiam:*

This is an action by Melonie Fisher requesting an employee grievance hearing and back pay. The South Carolina Department of Health and Environmental Control terminated Fisher on January 23, 1989. Fisher filed this action. DHEC answered asserting Fisher did not have a right to appeal her termination. The suit was referred to the Richland County Master-in-Equity with direct appeal to the Supreme Court. DHEC filed a motion to dismiss and a motion for summary judgment alleging Fisher was a probationary employee and did not have a right to appeal her termination. In granted DHEC's motion for summary judgment, the master found Fisher was a probationary employee and under the State Employee's Grievance Act did not have a right to appeal. Fisher appeals. We Affirm.

DHEC hired Fisher on September 19, 1988, as a public health nurse in its Community Long Term Care program. Barbara Pitts, an administrative specialist at DHEC, testified that when Fisher was hired, she gave her several forms. One of the forms was a Health and Services Finance Commission

Employee Grievance Procedure. Pitts testified no one told her to give this document to Fisher, but she gave it along with the other forms to all new employees. The Finance Commission Grievance Procedure provided a probationary employee with a grievance procedure for grievances arising from acts of discrimination or abuse.

On January 20, 1989, Fisher requested sick leave from work. She indicated the leave was for a dental appointment; however, she had canceled the appointment earlier that day. After leaving work, Fisher was observed entering a restaurant and remaining there for an extended period of time. Fisher was terminated for falsifying the sick leave records. In a letter to Sam Waldrep, deputy director of Community Long Term Care, Fisher stated she was entitled to the sick leave as "mental health leave."

Fisher, in a letter to the director of Bureau Personnel Services, requested an employee grievance hearing. The director denied her request because her probationary status did not entitle her to a hearing. Fisher then instituted this action. In her complaint, fisher alleged that DHEC violated its grievance procedure by not affording her an interagency grievance hearing.

The sole question for our determination is whether Fisher is entitle to an employee grievance hearing under the South Carolina Employee Grievance Procedure Act.

The Employee Grievance Procedure Act defines a probationary employee as,

> a full-time or part-time employee in the initial working test period of employment with the State of not more than six months duration for noninstructional personnel. . . .

S.C. Code Ann. § 8-17-320(11) (1986).

The South Carolina State Personnel Rules allow only employees who have completed their probationary period a right to an employee grievance hearing. S.C. Code Regs. 19-706.04 (1976).

> Fisher alleges her grievance resulted from "employer abuse." In her complaint, Fisher states she was a probationary employee. She also states she was employed by DHEC. Fisher is judicially bound by statements contained

in her pleadings. *See, Elrod v. All*, 243 S.C. 425, 134 S.E. (2nd) 410 (1964). However, she asserts a right to an employee grievance hearing because the Finance Commission's grievance procedure granted a probationary employee a hearing for abuse. DHEC and the Finance Commission are two separate state agencies. Since Fisher was a DHEC probationary employee, she was not entitled to an employee grievance hearing. We, therefore, affirm the master's ruling.

Affirmed.