**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHY B. CULP,
<u>Plaintiff-Appellant,</u>

v.                                                                                          No. 96-2260

WAL-MART STORES, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-95-3487)

Submitted: December 23, 1997

Decided: January 20, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John K. Koon, Elizabeth L. Cook, KOON & COOK, P.A., Columbia,
South Carolina, for Appellant. Jay Bender, BAKER, BARWICK,
RAVENEL & BENDER, L.L.P., Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathy B. Culp appeals the entry of judgment as a matter of law in favor of the Defendant in her personal injury action. This case came to trial in the district court before a jury. The trial judge ordered that the trial be bifurcated as to the issues of liability and damages. At the conclusion of Culp's evidence on liability, the Defendant moved for judgment as a matter of law as to liability. The district court granted the motion and entered judgment for the Defendant. On appeal, Culp alleges that sufficient evidence existed after she rested her case to require submission of the issue of liability to the jury. Finding no error, we affirm.

When sitting in diversity, district courts apply the federal law for determining whether the evidence is sufficient for submission to the jury. The standard in federal court is that the case should not be submitted to the jury "if the plaintiff has failed to adduce substantial evidence in support of his claim." DeMaine v. Bank One, Akron, N.A., 904 F.2d 219, 220 (4th Cir. 1990) (per curiam). The federal court will not follow a state court rule that a scintilla of evidence is sufficient to create a triable issue for the jury, as is the law in South Carolina. See Beaty Shopping Ctr., Inc. v. Monarch Ins. Co. of Ohio, 315 F.2d 467, 469 (4th Cir. 1963).

Culp testified at trial that she was shopping with her daughter in the girl's department at the Defendant's retail store in Newberry, South Carolina. While looking through a rack of clothing on the back wall of the store, a box fell from overhead and struck her on the head and back of her left knee. The box contained a baby crib, and Culp described it as large and heavy. Culp testified that she did not see the box until after it fell on her and did not know how the box fell. Culp did not put on any testimony as to the location of the box prior to the fall or how the box may have been placed in that location. Nor was

2

there any testimony as to how the box was situated immediately prior to falling or as to what the mechanism was that caused the box to fall.

Culp presented the testimony of four Wal-Mart employees by publishing excerpts from their depositions. Their collective testimony demonstrated that the box was of the type normally stored on a top shelf on the back wall close to the area where Culp shopped. Employee testimony showed that the crib boxes were stored standing up, three boxes deep, on the shelf concerned. Sometimes, the boxes would be tilted against the wall. One employee familiar with the storage of crib boxes on the shelf testified that the boxes were stable when employees used the described storage method and that she never saw any boxes fall off the shelf. Culp did not present any testimony demonstrating that the Defendant had any knowledge of prior incidents of crib boxes falling off the shelf or that restraints were used or needed to restrain the boxes. Finally, Culp did not present any testimony to show that the storage method used was dangerous or unsafe.

Under South Carolina law, a merchant is not an insurer of the safety of the customers, but owes the customers the duty of exercising ordinary care to keep the aisles, passageways, and other parts of the premises ordinarily used by the customers in a reasonably safe condition. The merchant also has the duty to warn customers of hidden dangers or unsafe conditions of which the proprietor has knowledge or in the exercise of reasonable supervision and inspection should know. See Baker v. Clark, 103 S.E.2d 395, 396 (S.C. 1958).

The plaintiff has the burden of proving that there was a breach of duty by the defendant that proximately caused the plaintiff's injuries. However, the doctrine of res ipsa loquitur has been unequivocally rejected in South Carolina, see Legette v. Smith , 220 S.E.2d 429 (S.C. 1975); Bain v. Self Memorial Hosp., 314 S.E.2d 603 (S.C.App. 1984), and, based on the outcome determinative test, federal courts applying South Carolina law must not apply the doctrine in diversity actions. See McLain v. Carolina Power & Light Co., 286 F.2d 816 (4th Cir. 1961). Negligence may be proven by circumstantial evidence. When relying upon circumstantial evidence, the plaintiff must prove circumstances that would justify relying upon the inference that the injuries were due to the defendant's negligence. Mere conjecture and specula-

3

tion do not satisfy proof by circumstantial evidence. Legette, 220 S.E.2d at 430.

A similar factual situation presented itself in Poliakoff v. Shelton, 8 S.E.2d 494 (S.C. 1940). In Poliakoff, the plaintiff and her brother testified that a suitcase fell from an overhead rack and struck the plaintiff on the shoulder as she rode the defendant's bus. The plaintiff did not present any evidence as to what caused the suitcase to fall. The court granted defendant's motion for a directed verdict. The Supreme Court of South Carolina held that without further evidence as to what caused the suitcase to fall, impermissible speculation would be required to determine if negligence existed. The court noted that there was no evidence of knowledge by the defendant's employees of a dangerous situation. See Poliakoff, 8 S.E.2d at 497. Similarly, in this case there was no evidence that the Defendant stored the crib boxes in a dangerous manner. Even if it could be assumed that the box that struck Culp was situated in an unsafe or dangerous position on the shelf immediately prior to the accident, there was no evidence that the Defendant knew of the condition or that the box had been in a dangerous position long enough that the Defendant knew or should have known about it. We therefore find that the Plaintiff's evidence was not sufficient to submit the liability issue to the jury.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4